UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

THE JORDAN (BERMUDA) INVESTMENT CO.,
LTD.,

               Plaintiff,          00 Civ. 9214

-against-                     OPINION

HUNTER GREEN INVESTMENTS LLC, et al.,

               Defendants.

------------------------------------X

A P P E A R A N C E S:


Attorneys for Plaintiff

BUTLER, FITZGERALD, FIVESON & McCARTHY
350 Fifth Avenue, Suite 6215
New York, NY 10118
By:  RAYMOND FITZGERALD, ESQ.


Attorneys for Defendant John Shilling

LOEB & LOEB, LLP
345 Park Avenue, 18th Floor
New York, NY 10154
By:  CHRISTIAN D. CARBONE, ESQ.
     BRYAN I. REYHANI, ESQ.

**Sweet, D.J.**

Defendant John Shilling ("Shilling" or the "Defendant") has moved under Rule 56, F. R. Civ. P. by letter dated November 30, 2007, to dismiss the Second Amended Complaint ("SAC") of plaintiff The Jordan (Bermuda) Investment Company, Ltd. ("JBIC"), relying on this Court's opinion of October 3, 2007. Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. LLC, 2007 WL 2948115 (S.D.N.Y. Oct. 3, 2007) (the "October 3 Opinion"). Upon the findings and conclusions below, the motion is granted, and the SAC dismissed.

**Prior Proceedings**

The October 3 Opinion, familiarity with which is assumed, described the proceedings in this action up to the filing of that opinion.

The instant motion was heard on submission and marked fully submitted on February 13, 2008.

**The Summary Judgment Standard**

The summary judgment standard was set forth in the October 3 Opinion.

**The Facts**

No Local Rule 56.1 Statement has been filed by Shilling, nor has JBIC submitted any additional facts. Shilling opposed the prior JBIC motion for summary judgment on its fraud and breach of fiduciary duty claims, and that motion was denied, largely because JBIC's injury was shown to have been caused by its own failure to review its monthly account statements, not any purported misrepresentation made by the defendants. It was further held that factual disputes existed as to Shilling's alleged fraudulent intent.

The facts as found in the October 3 Opinion are not challenged by any additional submissions. From those facts the parties draw different conclusions.

**The Fraud Claims Are Dismissed**

JBIC's fraud claims against Shilling rely on three alleged misrepresentations:

(1) Beacon would issue a special class of shares (Class J shares) to the Jordan Trust;

(2) Beacon would not use leverage when investing the Jordan Trust's monies;

(3) Beacon would obtain John W. Jordan's ("Jordan") written approval for all investment decisions for the portfolio to be purchased with the monies received from the Jordan Trust;

See SAC ¶¶ 16-17, 32, 39, 41, 51. JBIC also alleges that defendants failed to disclose that the Trust's monies were subject to the claims and liens of Beacon's creditors. See id. ¶ 43.

A plaintiff asserting a claim of fraud under New York law must establish by clear and convincing evidence that (1) the defendant made a material misrepresentation or omission of fact; (2) with knowledge of its falsity; (3) with the intent to defraud the plaintiff; (4) on which the plaintiff reasonably relied; and (5) that caused damage to the plaintiff. Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91, 98 (2d Cir. 1997).

With respect to the first two alleged misrepresentations, it has been established that Beacon did in fact issue a special class of shares, Class J shares, to the Jordan Trust, see October 3 Opinion at *14, and that

3

the monies received from the Jordan Trust were in fact invested on a non-leveraged basis. See id. at *15.

As to the alleged misrepresentation that Beacon would seek written approval for investment decisions, it has been established that Shilling did in fact make such a representation, and that Beacon failed to seek such prior approval. However, as noted in the October 3 Opinion, "the monthly account statements on their face revealed that the Trust's monies had in fact been invested in securities purchased by Hunter Green on behalf of Beacon. Jordan never looked at the account statements and has admitted that a review would have revealed that there had been investment activity in its account, and that he 'would have pulled [its] money immediately, putting them on notice to give [its] money back, because they violated [the] understanding.'" October 3 Opinion at *15. See also id. at *21 ("Jordan has admitted that the account statements contained enough information to enable the Trust to avoid its loss . . . .").

The October 3 Opinion therefore concluded that "plaintiff's injury was proximately caused by the Trust's own failure to review its monthly account statements . . ."

4

id. at *21, and that "[a]s a matter of settled New York law, where, as here, 'sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York Courts are particularly disinclined to entertain claims of justifiable reliance . . . .'" Id. at *18 (quoting Grumman Allied Indus., Inc. v. Rohr Indus., Inc., 748 F.2d 729, 737 (2d Cir. 1984)). See also Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 195 (2d Cir. 2003) ("[A] party will not be heard to complain that he has been defrauded when it is his own evident lack of due care which is responsible for his predicament.").

The October 3 Opinion held that JBIC was unable to establish the elements of causation or reliance due to Jordan's failure to read its monthly statements. That conclusion remains undisturbed by the submissions on this motion. Although JBIC has sought to overcome this hurdle by contending that certain representations made to Jordan induced him to continue the investment without review of the monthly statements, citing JBIC's submissions in connection with the October 3 Opinion, these representations were all made at the time of the initial investment.

5

Finally, with regard to the allegation that defendants failed to disclose that the Trust's monies were subject to the claims and liens of Beacon's creditors, it has already been held that "[e]very document provided to the Trust . . . stated that the Trust was buying and holding a class of shares issued by a corporation, i.e. Beacon. Accordingly, the Trust was on notice that shareholders of corporations are subject to 'the entire risk of the loss of [their] share of the capital, which must go to satisfy the creditors in case of misfortune.'" October 3 Opinion at *16 (quoting Warren v. King, 108 U.S. 389, 399 (1883)). JBIC therefore cannot demonstrate reasonable reliance on the alleged misrepresentation. See October 3 Opinion at *18 ("Jordan could not have reasonably concluded, based on the transaction documents provided to him, that the purchase of shares issued by a corporation-even a separate class of shares-would be tantamount to creating a separately managed account that would immunize the Trust's share capital from the claims of Beacon's creditors.").

**The Breach of Fiduciary Duty Claims Are Dismissed**

6

The October 3 Opinion also held that "[a] claim of breach of fiduciary duty requires proof of 'the existence of a fiduciary duty between the parties and a breach of that duty by the defendant.'" Id. at *22 (quoting Thermal Imaging, Inc. v. Sandgrain Sec., Inc., 158 F. Supp. 2d 335, 343 (S.D.N.Y. 2001)). "That plaintiffs may have regarded defendants as their fiduciaries is not enough to establish a fiduciary duty when that duty otherwise would not exist." Kolbeck v. LIT Am., Inc., 932 F. Supp. 557, 572 (S.D.N.Y. 1996). "At the heart of the fiduciary relationship lies reliance, and defacto control and dominance." United States v. Chestman, 947 F.2d 551, 568 (2d Cir. 1991) (quotations omitted).

The October 3 Opinion noted that "Shilling has maintained that he made no investment decisions regarding plaintiff's monies, or Beacon's funds, and had no authority to do so," id. at *24, and that "[t]he record indicates that Hunter Green's head trader, Kaminsky, made all trading decisions and placed orders . . . for execution of all Fund trades." Id. Although noting a dispute of fact as to Shilling's role as "primary contact" with Jordan, the October 3 Opinion notes that Jordan testified he "would never rely on Mr. Shilling." See id. No additional facts

7

have been submitted to oppose this motion. As such, JBIC has failed to present sufficient facts from which a reasonable jury could find that Shilling owed a fiduciary duty to the Jordan Trust or JBIC.

The October 3 Opinion also held that JBIC had failed to show that its damages were caused by defendants' conduct, because "JBIC's failure to review the monthly account statements mailed to the Trust by IFSI broke the chain of causation." Id. at *24. Where damages are sought for breach of fiduciary duty, "the plaintiff must demonstrate that the defendant's conduct proximately caused injury . . . ." LNC Invs., Inc. v. First Fid. Bank, N.A. N.J., 173 F.3d 454, 465 (2d Cir. 1999).

**The Aiding and Abetting Claims Are Dismissed**

To prevail on a claim of aiding or abetting fraud or breach of fiduciary duty, a plaintiff must prove, among other things, "fraudulent conduct or breach of a fiduciary duty by a third party . . . ." October 3 Opinion at *25. Further, "a plaintiff must demonstrate that 'the acts of the aider and abettor proximately caused the harm to the [plaintiff] on which the primary liability is predicated.'"

Id. (quoting Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57, 62 (2d Cir. 1985)).

As discussed above and in the October 3 Opinion, JBIC has not made the necessary showing of fraudulent conduct or breach of fiduciary duty as to any defendant. Moreover, it has been established that Jordan's failure to review the monthly account statements was the proximate cause of the Trust's losses. The aiding and abetting claims are therefore dismissed.

**Conclusion**

The Shilling motion is granted, and the SAC is dismissed.

**New York, N.Y.**
**July /6 , 2008**

ROBERT W. SWEET
U.S.D.J.